1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    PHILLIP McINTYRE,                        No.  2:13-cv-1597-TLN-EFB PS

11                    Plaintiff,

12         v.                                  FINDINGS AND RECOMMENDATIONS

13    ALTERNATIVE LOAN TRUST 2006-
      OC10, THE BANK OF NEW YORK
14    MELLON fka THE BANK OF NEW
      YORK as TRUSTEE for the
15    ALTERNATIVE LOAN TRUST 2006-
      OC10, and DOES 1-10,
16
                      Defendants.
17

18

19         Plaintiff brought this action against defendant The Bank of New York Mellon f/k/a as The

20    Bank of New York as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust

21    2006-OC10, Pass-Through Certificates Series 2006-OC10 ("Bank of New York")[1] based on the

22    alleged wrongful foreclosure of his home. [2]  This case was before the court on January 8, 2014,

23    for hearing on defendant's motion to dismiss the complaint for failure to state a claim pursuant to

24    Federal Rule of Civil Procedure 12(b)(6).  ECF No. 14.  Plaintiff Phillip McIntyre appeared pro

25    _____

26         [1]  Defendant is erroneously sued as "Alternative Loan Trust 2006-OC10" and "The Bank
      of New York Mellon fka The Bank of New York as Trustee for the Alternative Loan Trust 2006-
      OC10."

27
           [2]  This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to
28    28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

                                            1

1    se.  Attorney Andrea Hicks appeared on behalf of defendant.  After the hearing, plaintiff filed a

2    first amended complaint, which the court construes as a motion to amend the complaint.  ECF No.

3    23.  For the reasons stated on the record at the hearing and as explained below, the court

4    recommends that defendant's motion to dismiss be granted with leave to amend, that plaintiff's

5    motion to amend based on the currently proposed amended complaint be denied as futile, and that

6    plaintiff be granted thirty days to submit an amended complaint that states a claim for relief.

7    I.    PROCEDURAL HISTORY

8           On July 8, 2013, plaintiff, who is proceeding pro se, filed a complaint in the United States

9    District Court for the Southern District of New York.  ECF No. 1.  That court transferred the case

10   to this district pursuant to 28 U.S.C. § 1404(a) because plaintiff resides in this district and the

11   complaint challenges the foreclosure of real property located in this district.  ECF No. 3.  On

12   August 26, 2013, plaintiff filed a motion requesting that this court reconsidered the New York

13   District Court's transfer order.  ECF No. 6.  That motion was denied by the assigned district judge

14   on November 18, 2013.  ECF No. 9.

15          On November 26, 2013, defendant moved to dismiss the complaint for failure to state a

16   claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 14.  Hearing on the motion

17   was held on January 8, 2014.  At the hearing, the court specifically informed plaintiff that his

18   complaint failed to state a wrongful foreclosure claim because plaintiff did not allege that the

19   foreclose was prejudicial.  *See Fontenot v. Wells Fargo Bank*, 198 Cal. App. 4th 256, 272 (1st

20   Dist. 2011) ("[A] plaintiff in a suit for wrongful foreclosure has generally been required to

21   demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's

22   interest.").  Plaintiff was also notified that findings and recommendations would subsequently

23   issue recommending defendant's motion to dismiss be granted and that plaintiff's complaint be

24   dismissed with leave to amend.

25          On February 7, 2014, before any findings and recommendations were issued, plaintiff

26   submitted a first amended complaint, which the court now construes as a motion to amend the

27   complaint pursuant to Rule 15(a).  ECF No. 23.

28   /////

1   II.      DEFENDANT'S MOTION TO DISMISS

2           A.      Factual Allegations

3           The complaint alleges that plaintiff is the rightful owner of property located at 7512

4   Eastgate Avenue, Citrus Heights, California ("Subject Property").  ECF No. 1 at ¶ 9.  On June 14,

5   2006, plaintiff and his wife borrowed $273,750 to purchase the Subject Property.  Defs.' RJN

6   (ECF No. 12) Ex. A.  The loan was secured by a Deed of Trust, dated June 14, 2006, which was

7   recorded in Sacramento County on June 27, 2006.  *Id*.  The Deed of Trust named Old Republic

8   Title as the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the

9   beneficiary.  *Id*.

10          On October 2, 2009, an Assignment of Deed of Trust was executed, purportedly

11  transferring all beneficial interests from MERS to defendant Bank of New York Mellon as trustee

12  for Alternative Loan Trust 2006-OC10 (the "Trust").  ECF. No. 1 (Compl.) ¶¶ 44, 45, 46, 48.

13  The Assignment of Deed of Trust was recorded in Sacramento County on December 18, 2009.

14  *Id*. at ¶ 42.  According to plaintiff, the Trust is a common law trust formed under the laws of New

15  York.  *Id*. at ¶ 11.  The Trust's Pooling and Servicing Agreement ("PSA") established the Trust's

16  closing date as November 30, 2006.  *Id*. at ¶¶ 40.

17          Plaintiff alleges that "Defendants directly or indirectly through agents authorized or

18  authorized [sic] are threatening an imminent taking of Plaintiff's property and home under color

19  of this assignment made to this New York Trust fund on October 2, 2009."  *Id*. at ¶ 47.  He

20  further alleges that that the October 2, 2009, assignment "is a factual/legal impossibility."  *Id*. at

21  ¶ 55.  "The transfer does not represent a true purchase and sale of Plaintiff's note and deed from

22  the lender to a bona fide purchase for value."  *Id*. at ¶ 56.  Although not entirely clear from the

23  complaint, plaintiff appears to allege that his loan was improperly securitized because the loan

24  was transferred into the Trust after the Trust's closing date and therefore the assignment of the

25  Deed of Trust from MERS to The Bank of New York was ineffective.  *Id*. at ¶¶ 52-53, 55-60, 63.

26          B.      Rule 12(b)(6) Standard

27          To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

28  must contain more than a "formulaic recitation of the elements of a cause of action"; it must

contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).  The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).  The Ninth Circuit has held that the less stringent standard for pro se parties is now higher in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither

4

1  need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining*

2  *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

3        C.    <u>Discussion</u>

4        Defendant argues that the complaint must be dismissed because: (1) it contains

5  insufficient factual allegations to state a claim for relief, (2) plaintiff has failed to join a necessary

6  party, (3) plaintiff lacks standing to challenge the foreclosure of his property because he failed to

7  allege tender, (4) plaintiff lacks standing to challenge any violation of the Trust's PSA, and (5)

8  plaintiff has failed to alleged that defendant's action prejudiced plaintiff.

9        The court agrees with defendant that the complaint fails to enumerate any specific cause

10  of action. ECF No. 14 at 8. It is difficult to discern from the complaint exactly what cause of

11  action plaintiff purports to assert against defendant. Plaintiff's complaint spans 22 pages and is

12  accompanied by an additional 768 pages of attachments. The bulk of plaintiff's complaint

13  focuses on information contained in the Trust's prospectus. Indeed, numerous pages of the

14  complaint consist solely of excerpts from the prospectus. It is unclear how such information from

15  the prospectus relates to any cause of action.

16        The complaint is also sparse on factual allegations and rests primarily on vague and

17  conclusory statements. Plaintiff alleges that MERS transferred its beneficial interest to defendant

18  The Bank of New York as trustee for the Trust on October 2, 2009. ECF No. 1 ¶¶ 44-46, 48.

19  The complaint also alleges that the Trust's closing date was on November 30, 2006. *Id.* ¶ 40.

20  Plaintiff then proceeds to allege a number of conclusions attacking the validity of the assignment.

21  *See, e.g*, ECF No. 1 at ¶ 55 ("The October 2, 2009, transfer is a factual/legal impossibility."); ¶ 56

22  ("The transfer does not represent a true purchase and sale of Plaintiff's note and deed from the

23  lender to a bona fide purchaser for value."); ¶ 57 ("This record was created to forge a (false)

24  impression in the public record that Defendant The Bank of New York Mellon . . . would pretend

25  that they had a legal right to foreclose on Plaintiff's property.); ¶ 60 (The "claim of transfer is

26  defective and does not convey anything to the trust in accordance with the terms of the PSA

27  and/or relevant New York law."); ¶ 62 ("Under the PSA, MERS as a Nominee lacks authority to

28  /////

1  transfer deeds or notes to trustee of the trust fund."). These vague and conclusory allegations are

2  insufficient to state a claim for relief.

3      Although the complaint does not identify a specific cause of action, plaintiff explains in

4  his opposition that he is attempting to challenge the foreclosure of his home based on an invalid

5  transfer of his loan from MERS to The Bank of New York as trustee for the Trust.  Plaintiff

6  argues that the Trust was created by a PSA, which established a closing date after which the Trust

7  could no longer accept loans.  ECF No. 16 at 6.  Plaintiff contends that defendant The Bank of

8  New York attempted to accept his loan after the closing date, which violated the terms of the PSA

9  and rendered the assignment from MERS to The Bank of New York void.  *Id.*  While plaintiff

10  succinctly explains his purported cause of action in his opposition to the instant motion to

11  dismiss, these allegations are not contained within the four corners of his complaint.  The

12  complaint is devoid of allegations concerning the Trust's ability to accept new loans after the

13  closing date.  There are also no allegations that the assignment of the Deed of Trust was void on

14  the ground that it was made after the November 30, 2006 closing date.  Rather, the complaint

15  contains mostly vague factual allegations and legal conclusions that do not provide defendant

16  meaningful notice of the claims alleged against them.  Accordingly, the complaint must be

17  dismissed for failure to state a claim.

18      Defendant also argues that the complaint should be dismissed without leave to amend

19  because plaintiff lacks standing to challenge the foreclosure of his home based on an alleged

20  violation of the Trust's PSA.  Numerous district court decisions from California support

21  defendant's position.  *See Gilbert v. Chase Home Fin., LLC*, 1:13-CV-265 AWI SKO, 2013 WL

22  2318890, at *3 (E.D. Cal. May 28, 2013) (listing cases holding that a plaintiff was not a party to

23  the assignment of the loan or the PSA and therefore lacked standing to challenge the assignment

24  of the loan);  *Dinh v. Citibank, N.A.*, No. SA CV 12-1502-DOC, 2013 WL 80150, *4-5 (C.D. Cal.

25  Jan 7, 2013) (holding that plaintiff lacked standing to assert claim that assignment of loan was

26  untimely under the Trust's PSA); *Almutarreb v. Bank of New York Trust Co., N.A.*, No. C-12-

27  3061 EMC, 2012 WL 4371410, * 2 (N.D. Cal. Sep. 24, 2012) ("[B]ecause Plaintiffs were not

28  parties to the PSA, they lack standing to challenge the validity of the securitization process,

1    including whether the loan transfer occurred outside the temporal bounds prescribed by the

2    PSA.").  Plaintiff, however, relies on a recent California Court of Appeal's decision that found

3    that a borrower has standing to challenge the assignment allegedly made in violation of the

4    Trust's PSA.  ECF No. 16 at 4; *see Glaski v. Bank of Am.*, 218 Cal.App.4th 1079 (5th Dist. 2013)

5    ("We reject the view that a borrower's challenge to an assignment must fail once it is determined

6    that the borrower was not a party to, or third party beneficiary of, the assignment agreement.").

7            As discussed at the hearing, the court need not address the standing issue at this time

8    because, assuming for purposes of the instant motion that plaintiff has standing to challenge the

9    assignment of his loan, he has failed to allege a wrongful foreclosure claim because he does not

10   allege that the foreclosure was prejudicial.  To assert a claim for wrongful foreclosure, a plaintiff

11   is generally required to show that the "imperfection in the foreclosure process was prejudicial to

12   the plaintiff's interests."  *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272 (1st

13   Dist. 2011).  "California courts find a lack of prejudice when a borrower is in default and cannot

14   show that the allegedly improper assignment interfered with the borrower's ability to pay or that

15   the original lender would not have foreclosed under the circumstances."  *Dick v. Am. Home*

16   *Mortg. Servicing, Inc.*, Civ. No. 2:13-0201 WBS CKD, 2013 WL 5299180, * at 3 (E.D. Cal. Sept.

17   18, 2013).

18           At the hearing, plaintiff conceded that he was in default of his loan.  He also conceded that

19   the alleged improper assignment of the loan did not interfere with his ability to make payments on

20   his loan.  Thus, plaintiff cannot assert a wrongful foreclosure claim against defendant unless he

21   can show that the original lender would not have foreclosed under the circumstances.  The

22   complaint is devoid of any such facts showing that foreclosure was prejudicial because the

23   original lender would have refrained from foreclosure.

24           Accordingly, plaintiff has failed to allege that the foreclosure was prejudicial and

25   therefore the complaint must also be dismissed on this ground.[3]  However, plaintiff must be

26   provided an opportunity to amend the complaint to cure the deficiencies discussed above.  *Lopez*

27

28           [3] As the complaint must be dismissed for the reasons provided herein, the court declines
     to address defendant's additional arguments for dismissal.

1    *v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se

2    litigants an opportunity to amend to correct any deficiency in their complaints).

3    III.    PLAINTIFF'S MOTION TO AMEND

4           On February 7, 2014, plaintiff submitted a first amended complaint.  The complaint was

5    not filed in compliance with Federal Rule of Civil Procedure 15(a).  A plaintiff may amend the

6    complaint once as a matter of course within 21 days of the service of a defendant's answer or

7    Rule 12(b) motion.[4]  Here, the defendant filed a Rule 12(b) motion on November 16, 2012.

8    Plaintiff's filing on February 7, 2014, was well beyond the 21 days permitted to file an amended

9    complaint without either a stipulation or leave of the court.  Nonetheless, in the interest of judicial

10   economy, the court construes this filing as a motion for leave to amend the complaint pursuant to

11   Rule 15(a).

12          Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice

13   so requires."  Fed. R. Civ. P. 15(a)(2).  The policy of freely granting leave to amend should be

14   applied with "extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.

15   1987).  When determining whether to grant leave to amend under Rule 15(a), a court should

16   consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4)

17   prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  According to the

18   Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden

19   of showing that prejudice is on the party opposing amendment.  *Howey v. United States*, 481 F.2d

20   1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th

21   Cir. 2003); *DCD Programs*, 833 F.2d at 187.  Granting or denying leave to amend rests in the

22   sound discretion of the trial court, and will be reversed only for abuse of discretion.  *Swanson v.*

23   *U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).  The sole issue here is one of futility.

24   /////

25          [4] Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading
26   once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to
     which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days
27   after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Rule 15(a)(2)
     provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's
28   written consent or the court's leave."

8

1   Plaintiff was informed at the hearing that he would be given leave to amend to afford him

2   the opportunity to cure the deficiencies that formed the basis for the motion to dismiss.  The

3   proposed amended complaint fails to do so.  While the amended motion does contain new

4   allegations regarding the assignment of the loan and the Trust's closing date, *see, e.g.,* ECF No.

5   23 at 13-17, plaintiff once again fails to allege any facts demonstrating that the foreclosure of his

6   home was prejudicial.  Specifically, the complaint does not contain any allegations demonstrating

7   that the original lender would not have foreclosed on his home under the circumstances.  *See*

8   *Silga v. Mortg. Elec. Registration Sys., Inc.,* 219 Cal.App.4th 75, 85 ("The assignment of the deed

9   of trust and the note did not change the [plaintiff's] obligations under the note, and there is no

10   reason to believe that  . . . the original lender would have refrained from foreclosure in these

11   circumstances.").  Thus, the proposed first amended complaint fails to allege a claim for wrongful

12   foreclosure and permitting plaintiff to proceed on the amended complaint would be futile.

13   Therefore, the motion to file that amended complaint should be denied, but plaintiff should be

14   granted another opportunity to file an amended complaint curing the deficiencies discussed

15   herein.

16   Accordingly, it is hereby RECOMMENDED that:

17   1.  Defendant's motion to dismiss, ECF No. 14, be granted;

18   2.  Plaintiff's amended complaint, construed as a motion to amend, ECF No. 23, be

19   denied; and

20   3.  Plaintiff be granted thirty days from the date of service of any order adopting these

21   findings and recommendations to file an amended complaint as provided herein.  The amended

22   complaint must bear the docket number assigned to this case and must be labeled as an

23   "Amended Complaint."

24   These findings and recommendations are submitted to the United States District Judge

25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26   after being served with these findings and recommendations, any party may file written

27   objections with the court and serve a copy on all parties.  Such a document should be captioned

28   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 2, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE