UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP McINTYRE, LARRIANNE McINTYRE,<br><br>              Plaintiffs,<br><br>   v.<br><br>ALTERNATIVE LOAN TRUST 2006-OC10, THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as TRUSTEE for the ALTERNATIVE LOAN TRUST 2006-OC10, and DOES 1-10,<br><br>              Defendants. | No.  2:13-cv-1597-TLN-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiffs brings this action against defendants The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificates Series 2006-OC10 ("Bank of New York"), Recontrust Company, N.A. ("Recontrust"), and Mortgage Electronic Registration Systems ("MERS")[1] based on the alleged wrongful foreclosure of their home.[2]  This case was before the court on October 29, 2014, for hearing on defendants' motion to dismiss plaintiffs' first amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and

---

[1] This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

[2] Plaintiffs erroneously sue defendant Bank of New York as "Alternative Loan Trust 2006-OC10" and "The Bank of New York Mellon fka The Bank of New York as Trustee for the Alternative Loan Trust 2006-OC10 formerly known as The Bank of New York."

1

defendants' motion to strike portions of the amended complaint.[3] ECF No. 36, 38. Plaintiff Phillip McIntyre appeared pro se. Attorney Andrea Hicks appeared on behalf of defendants. For the reasons stated below, the court denies defendants' motion to strike and recommends that their motion to dismiss be granted.

I.     PROCEDURAL HISTORY

On July 8, 2013, plaintiff Phillip McIntyre, who is proceeding pro se, filed a complaint in the United States District Court for the Southern District of New York, naming only The Bank of New York as a defendant. ECF No. 1. That court transferred the action to this district pursuant to 28 U.S.C. § 1404(a) because Phillip McIntyre resides in this district and the complaint challenges the foreclosure of real property located in this district. ECF No. 3.[4]

The Bank of New York moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 14. Hearing on the motion was held on January 8, 2014. On February 7, 2014, before any findings and recommendations were issued, Mr. McIntyre submitted a first amended complaint, which the court construed as a motion to amend the complaint pursuant to Rule 15(a). ECF No. 23. The court granted The Bank of New York's motion to dismiss the complaint, denied the motion to amend, and granted Mr. McIntyre thirty days to file an amended complaint. ECF Nos. 29, 31.

Plaintiffs timely filed a first amended complaint, which added Larrianne McIntyre as a plaintiff and Recontrust and MERS as defendants. ECF No. 33. Defendants moved to dismiss that complaint and to strike portions of it. ECF Nos. 36, 38. In violation of Local Rule 230, plaintiffs failed to timely file an opposition to the motions. Accordingly, plaintiffs were ordered to show cause why sanctions should not be imposed. ECF No. 41. Plaintiff Phillip McIntyre subsequently filed an opposition to the motions and a response to the order to show cause. ECF Nos. 43, 44.

---

[3] Plaintiffs' first amended complaint is erroneously labeled as a second amended complaint. *See* ECF No. 33.

[4] On November 18, 2013 the court denied McIntyre's motion for this court to reconsider the New York District Court's transfer order. ECF Nos. 6, 9.

2

Plaintiff Larrianne McIntyre[5] did not file an opposition or statement of non-opposition, nor did she respond to the court's order to show cause.[6]

## II.     DEFENDANTS' MOTION TO DISMISS

### A.     Factual Allegations

Plaintiffs allege that they executed a promissory note, which was secured by a deed of trust, in favor of "OWNIT Mortgage Solutions, Inc." to finance the purchase of real property located at 7512 Eastgate Avenue, Citrus Heights, California (the "subject property"). FAC ¶ 10. "Subsequently, Defendants attempted but failed to assign or transfer Plaintiff's Note to CWALT. As such, Defendants have no authority to collect on the Note and enforce the Deed of Trust. Despite Defendants' failure to perfect a security interest, Defendants and their agents have collected and attempted to collect on this Note and enforce the Deed of Trust with the knowledge that they have no legal right to do so." *Id*.

According to documents submitted with defendants' request for judicial notice, plaintiffs borrowed $273,750 in June 2006 to purchase the subject property. Defs' RJN (ECF No. 37) Ex. A.[7] The loan was secured by a deed of trust, which lists Ownit Mortgage Solutions, Inc. as the Lender, Old Republic Title as the Trustee, and MERS as the beneficiary. *Id*. On October 6, 2009, a Notice of Default was recorded, showing that as of October 2, 2009, plaintiffs were more

---

[5] It appears that Phillip McIntyre intended his opposition and response to the order to show cause to be filed on behalf of himself and his wife, Larrianne McIntyre. *See generally* ECF Nos. 43, 44. However, Larrianne did not sign these pleadings. Further, there is no indication that Phillip McIntyre is an attorney and therefore he is not permitted to represent his wife's interest before this court. *See C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (non-attorney has a right to appear pro se on his own behalf, but "has no authority to appear as an attorney for others").

[6] In his response to the court's order to show cause, plaintiff Phillip McIntyre states that he was unaware defendants had responded to the amended complaint. ECF No. 44 at 2. In light of plaintiffs' pro se status and the disposition recommended on defendants' motion to dismiss, the court declines to impose sanctions and the order to show cause is discharged.

[7] The court grants defendants' request for judicial notice of documents filed in the Sacramento County Recorder's Office. ECF No. 37; *see Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 646, 649 (9th Cir. 1988) ("In addition to the complaint, it is proper for the district court to take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss.") (internal quotations omitted).

3

than $18,000 in default. *Id*. Ex. B. On December 18, 2009, a Substitution of Trustee and Assignment of Deed of Trust was recorded, substituting Recon Trust in as trustee and assigning all beneficial interest under the Deed of Trust to The Bank of New York Mellon. *Id*. Ex. C.

Plaintiffs' first amended complaint purports to allege twenty causes of action. The first 13 claims are all for declaratory relief, requesting that the court find the assignment of the deed of trust invalid.[8] Plaintiff's remaining claims are as follows: (14) cancellation of instrument; (15) fraud and deceit; (16) violation of New York general business law § 349 (the "Deceptive Practices Act"); (17) violation of California Business and Professional Code Section 17200, *et seq*.; (18) violation of 15 U.S.C. § 1692e; (19) violation of 15 U.S.C. § 1641(g); and (20) statutory defective foreclosure. The crux of plaintiffs' claims is that defendants lacked the authority to collect on the note and enforce the deed of trust because the December 18, 2009 assignment of the deed of trust was invalid. As explained below, plaintiffs lack standing to

/////

---

[8] The declaratory relief claims are entitled: (1) for declaratory relief count – to determine status of defendants' claims [28 U.S.C. §§ 2201, 22021]; (2) declaratory relief count – 2 does the loan being in default at the time of the assignment, identified as instrument number 200912180104 conflict with 26 U.S.C. §§ 860A-860G? (3); declaratory relief count – 3 did the value of plaintiffs' property at the time of the assignment identified as instrument number 200912180104 comply with the 80% value-to-loan ration of 26 U.S.C. §§ 860A-860G? (4) declaratory relief count – 4 does the assignment identified as instrument number 200912180104 comply with the timing requirement of 26 U.S.C. §§ 860A-860G; (5) declaratory relief count – 5 does the assignment identified as instrument number 200912180104 convey a note and deed of trust that is a qualified loan as defined by 26 U.S.C. §§ 860A-860G; (6) declaratory relief count – 6 is the assignment identified as instrument number 200912180104 a defective obligation pursuant to by 26 U.S.C. §§ 860A-860G; (7) declaratory relief count – 7 does the assignment identified as instrument number 200912180104 violate the bankruptcy remote requirement pursuant to 26 U.S.C. §§ 860A-860G; (8) declaratory relief count – does the delivery and/or transfer of the plaintiffs' note years after the trust's closing date render the REMIC status of the trust void pursuant to 26 U.S.C. §§ 860A-860G; (9) declaratory relief count – 9 is the delivery and/or transfer of the plaintiffs' note years after the trust's closing date a violation of SEC law; (10) declaratory relief count – 10 is the delivery and/or transfer of the plaintiffs' note years after the trust's closing date a violation of New York's Estates, Powers & Trust Law; (11) declaratory relief count – 11 does the assignment identified as instrument number 200912180104 comply with the timing requirement of the PSA?; (12) declaratory relief count - 12; does the assignment identified as instrument 200912180104 convey a qualified loan pursuant to the PSA; (13) declaratory relief count – 13 does the assignment identified as instrument number 200912180104 convey a defective obligation pursuant to the PSA?.

4

challenge the assignment, and therefore their amended complaint must be dismissed without leave to amend.

### B. Rule 12(b)(6) Standard

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). The Ninth Circuit has held that the less stringent standard for pro se parties is now higher in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the court's liberal interpretation of

a pro se litigant's pleading may not supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

C.  Discussion

Plaintiffs' complaint spans 78 pages and is somewhat difficult to decipher. In the first thirteen claims for relief, plaintiffs seek an order from the court declaring the assignment invalid. As confirmed by Phillip McIntyre at the hearing, the claims are premised on plaintiffs' contention that the assignment of the deed of trust, recorded on December 18, 2009, was invalid. ECF No. 33 at 27-47. With the exception of claim 19 (alleged violation of the Truth in Lending Act, 15 U.S.C. § 1641(g)) the remaining claims are also predicated on the same premise.[9]

Plaintiffs challenge the validity of assignment on two different theories. First, they argue that their loan was improperly securitized because the assignment transferred their loan into a loan trust after the trust's closing date in violation of the trust's pooling and servicing agreement ("PSA"). *Id*. ¶¶ 43-45. Second, they contend that the assignment was invalid because MERS had no authority to assign the deed of trust. *Id*. ¶¶ 35, 37. However, as discussed below, plaintiffs lack standing to challenge the assignment of the deed of trust.

---

[9] In regards to his "cancellation of instrument" claim, plaintiffs claim that "since the loan was neither properly transferred nor transferred in a timely manner to the Trust, Defendants have no legal authority to foreclose and the assignments are void ab initio." ECF No. 33 ¶ 178. Plaintiffs' claim for "fraud and deceit" is premised on plaintiffs' allegations that defendants concealed the fact that they had no interest in the subject property and therefore no right to foreclose on the home. *Id*. ¶¶ 185-187. Plaintiffs' claims for violation of New York General Business Law § 349, California Business and Professional Code Section 17200, *et seq.*, and the Fair Debt Collection Practices Act are similarly premised on plaintiffs' contention that defendants misrepresented that they had an interest in the subject property. *Id*. at 53-62, 65-31. Finally, in their claim for "statutorily defective foreclosure," plaintiffs repeat their contention that defendants had no authority to foreclosure on their home because their loan was improperly securitized and MERS lacked the authority to assign the deed of trust.

As numerous courts have recognized, "borrowers who were not parties to the assignment of their deed-and whose rights were not affected by it-lack[] standing to challenge the assignment's validity because they had not alleged a concrete and particularized injury that is fairly traceable to the challenged assignment" *Marques v. Federal Home Loan Mortg. Corp.*, No. 12–cv–1873, 2012 WL 6091412, at *4 (S.D. Cal. Dec. 6, 2012); *see also Siliga v. Mortg. Elec. Reg. Sys., Inc.*, 219 Cal.App.4th 75, 85 (2013) ("The Siligas do not dispute that they are in default under the note. The assignment of the deed of trust and the note did not change the Siligas' obligations under the note, and there is no reason to believe that Accredited as the original lender would have refrained from foreclosure in these circumstances. Absent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment."); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497, 514–15 (2013) ("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions. Furthermore, even if any subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim of such invalid transfers because her obligations under the note remained unchanged.") (citations omitted); *cf. Murphy v. Allstate Ins. Co.*, 17 Cal.3d 937, 944 (1976) ("A third party should not be permitted to enforce covenants made not for his benefit, but rather for others . . . . As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler.").

As plaintiffs were not parties to the assignment, they lack standing to challenge it based on an alleged violation of the trust's PSA.

In addition to lacking standing to challenge the assignment of the deed of trust, plaintiffs are mistaken that MERS had no authority to assign the deed of trust. California courts have recognized that MERS, as a nominee and beneficiary under a deed trust, has the authority to transfer its interest in the deed of trust. *See Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("MERS has standing to foreclose as the nominee for the lender and beneficiary of the Deed of Trust and may assign its beneficial interest to another party.");

*Siliga v. Mortgage Electronic Registration System, Inc.*, 219 Cal.App.4th 75, 83-84 (2nd Dist. 2013) ("The authority to exercise all of the rights and interests of the lender necessarily includes the authority to assign the deed of trust."); *Herrera v. Federal Nat'l Mortg. Assn.*, 205 Cal.App.4th 1495 (4th Dist. 2012).

Here, the deed of trust provides that "MERS is a separate corporation that is acting solely as a nominee for Lender (Ownit Mortgage) and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument." ECF No.37-1 at 2. The deed of trust further states, "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS." *Id.* at 3. It further provides that "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." *Id.* at 4.

This language is sufficient to convey to MERS the authority to assign the deed of trust. *See Siliga*, 219 Cal.App.4th at 83-84 (finding that language nearly identical to that contained in the deed of trust at issue in this case was sufficient to confer to MERS, as nominee, the authority to assign the deed of trust and note). Thus, contrary to plaintiff's contention, MERS was authorized to assign the deed of trust to the Bank of New York Mellon. Accordingly, all of plaintiffs' claims predicated on their contention that the assignment of the deed of trust was invalid (claims 1-18 and 20) must be dismissed without leave to amend.

The only claim that does not appear to be premised on plaintiffs' challenge to the assignment of the deed of trust is plaintiffs' claim for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g). ECF No. 33 at 62-65. Plaintiffs alleges that defendants failed to provide notice that the loan was transferred to the Bank of New York within 30 days of the assignment as required by 15 U.S.C. § 1641(g). ECF No. 33 ¶¶ 255-259. Defendants argue that plaintiffs' TILA claim is barred by the statute of limitations. ECF No. 36 at 31.

TILA is intended to protect consumers in credit transactions by requiring "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). A lender's violation of TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling. *Copeland v. Lehman Brothers Bank*, FSB, 2010 WL 2817173, at *5 (S.D. Cal. July 15, 2010). However, a plaintiff's damage claims relating to improper disclosures under TILA are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated. *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986); *see also Meyer*, 342 F.3d at 902 (failure to make the required disclosures under TILA occurs at the time the loan documents were signed). Thus, plaintiff's claim for violation of section 1641(g) began to run 30 days after the transfer that triggered the disclosure obligation. *See Sokol v. JPMorgan Chase Bank, N.A.*, 2013 WL 6623897, at * 2 (N.D. Cal. Sept. 25, 2013).

In certain situations, equitable tolling may temporarily suspend the limitations period until there has been "reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. To obtain equitable tolling a plaintiff must allege "specific facts explaining the failure to learn the basis for the claim within the statutory period." *Pedersen v. Greenpoint Mortg. Funding, Inc.*, 900 F. Supp. 2d 1071, 1079 (E.D. Cal. 2012).

Here, the assignment was consummated on October 2, 2009, and the Substitution of Trustee and Assignment of Deed of Trust was publicly recorded on December 18, 2009. Defs.' RJN, Ex. C. Plaintiffs therefore had until November 2010 to file their TILA claim. Plaintiffs, however, did not initiate this action until July 8, 2013, nearly three years after the limitations period expired, and almost two years after the foreclosure of their home. ECF No. 1; *see* Defs.' RJN, Ex. E (Trustee's Deed Upon Sale, recorded on November 8, 2011, which reflects that the subject property was sold at auction on October 26, 2011).

Plaintiff Phillip McIntyre's opposition fails to address the statute-of-limitation issue, and instead focuses explosively on his contention that assignment of the deed of trust was void.

/////

/////

/////

However, given that plaintiffs could have easily discovered that the deed of trust had been assigned at the time their home was foreclosed, but waited nearly 2 years after the foreclosure to initiate this action, their TILA claim is barred by the statute of limitations and must also be dismissed without leave to amend.[10]

III.  Conclusion

Accordingly, it is hereby ORDERED that:

1. The September 12, 2014 order to show cause, ECF No. 41, is discharged; no sanctions are imposed; and

2. Defendants' motion to strike, ECF No. 38, is denied.

Further, it is RECOMMENDED that:

1. Defendants' motion to dismiss, ECF No. 36, be granted;

2. Plaintiff's first amended complaint, ECF No. 33, styled as a second amended complaint, be dismissed without leave to amend; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 17, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[10] As the complaint must be dismissed without leave to amend, defendants' motion to strike portions of the complaint is denied as moot.

10